IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                  24-CR-134-JLS

COREY ROBERT DODGE,

                Defendant.

---

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S SENTENCING MEMORANDUM

The government submits this memorandum in support of a Guideline sentence of imprisonment. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The defendant attempted to use other people's online accounts as his own, freely purchasing stolen credentials from Genesis Marketplace, using a proxy service to make it appear as if he were physically located in the victims' cities, and then attempting to gain access to victims' accounts. The seriousness of the defendant's crime, 18 U.S.C § 3553(a)(2)(A), is underscored by the sheer number of victims: the defendant obtained access to more than 8,000 accounts for everything from banks to email to Amazon. Indeed, the defendant's purchases dwarf those of other Genesis Marketplace defendants in this District.[1] Whether or not the defendant was successful in using these accounts is beside the point. The defendant treated thousands of victims' most sensitive data as a commodity he could use as he pleased.

---

[1] *See United States v. Chol*, 24-CR-61-JLS (778 stolen credentials; sentenced to 20 months' imprisonment); *United States v. Ciszek*, 24-CR-139-RJA-JJL (194 stolen credentials; case pending); *United States v. Hall*, 24-CR-6137-FPG (approximately 1,100 stolen credentials; sentenced to 24 months' imprisonment, concurrent to unrelated state sentence).

General deterrence should play a significant role in the Court's sentence. Online criminal marketplaces, which offer a variety of stolen credentials—often, as in this case, for less than one dollar a piece—operate freely on the internet. Law enforcement agencies around the world have regularly taken coordinated action to seize these marketplaces and, when possible, hold accountable those who run them.[2] Yet just as soon as one major marketplace is shut down, others quickly fill the void.[3] Deterrence, then, must focus on those who use online criminal marketplaces as much as it focuses on those who operate them. This is a familiar concept. As courts have routinely recognized in child pornography cases, deterrence "should be focused upon the market for such activities," because people like the defendant "form a market" that encourages criminal marketplaces' continued existence. *United States v. Widmer*, 511 F. App'x 506, 510 (6th Cir. 2013) (quoting and affirming district court's sentencing rationale for child pornography case). In other words, the problem of online criminal marketplaces requires deterrence from both the supply end and the demand end. By punishing individual purchasers, others will be deterred from continuing to seek out online criminal marketplaces.

The defendant's conduct while on pretrial release reinforces the need for a Guideline sentence. When the FBI executed a search warrant at the defendant's home in April 2023 to

---

[2] *See, e.g.*, *Cracked and Nulled Marketplaces Disrupted in International Cyber Operation*, U.S. Dep't of Justice, *available at* https://www.justice.gov/opa/pr/cracked-and-nulled-marketplaces-disrupted-international-cyber-operation (Jan. 30, 2025); *Criminal Marketplace Disrupted in International Cyber Operation*, U.S. Dep't of Justice (April 5, 2023), *available at* https://www.justice.gov/opa/pr/criminal-marketplace-disrupted-international-cyber-operation (describing global coordinated takedown of Genesis Marketplace); *Justice Department Investigation Leads to Shutdown of Largest Online Darknet Marketplace*, U.S. Dep't of Justice, *available at* https://www.justice.gov/opa/pr/justice-department-investigation-leads-shutdown-largest-online-darknet-marketplace (Apr. 5, 2022); *AlphaBay, the Largest Online "Dark Market," Shut Down*, U.S. Dep't of Justice, *available at* https://www.justice.gov/opa/pr/alphabay-largest-online-dark-market-shut-down (July 20, 2017).

[3] *See, e.g.*, *How Darknet Markets and Fraud Shops Fought for Users in the Wake of Hydra's Collapse*, Chainalysis, *available at* https://www.chainalysis.com/blog/how-darknet-markets-fought-for-users-in-wake-of-hydra-collapse-2022/ (Feb. 9, 2023).

search for evidence related to Genesis, agents located large amounts of drugs. PSR ¶ 29. Just three months later—while the defendant was on pretrial release—Pretrial Services and the Buffalo Police Department found yet more distribution-level amounts of a variety of drugs in the defendant's home. *Id.* ¶ 31. The defendant's decision to continue dealing drugs while on pretrial release speaks volumes about the need for the Court's sentence to deter the defendant and promote respect for the law. 18 U.S.C § 3553(a)(2)(A), (a)(2)(B).

The government does not dispute that the defendant has found himself in difficult straits for the past several years. But the solution to those difficulties is not to contribute to the unsettling feeling of identity theft for thousands of people, nor is the solution dealing large volumes of dangerous narcotics. The defendant's conduct is deserving of a Guideline sentence, no matter what his motivation was.

DATED:    Buffalo, New York, April 18, 2025.

                                        MICHAEL DIGIACOMO
                                        United States Attorney

BY:    s/ CHARLES M. KRULY
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5838
       Charles.Kruly@usdoj.gov